UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA                    16-cr-525 (JGK)

          v.                                  MEMORANDUM OPINION
                                                & ORDER
JOSEPH STERN,

                         Defendant.

---

MIRIAM STERN,

             Third-Party Petitioner.

---

JOHN G. KOELTL, District Judge:

    The defendant, Joseph Stern, was convicted of three counts
of money laundering, and one count of conspiracy to commit money
laundering. A preliminary order of forfeiture and money judgment
was entered against the defendant on August 10, 2018 in the
amount of $1,899,700.00. The Government has been unable to
locate or obtain the proceeds of the offenses and thus seeks to
forfeit the defendant's interest in the defendant's marital home
as substitute property pursuant to 21 U.S.C. § 853(p). The
defendant's wife, Miriam Stern, has brought a third-party
petition seeking to clarify her property rights in the Sterns'
marital home, which the Sterns own as tenants by the entirety.
The Government has moved for judgment on the pleadings
dismissing the petition pursuant to Federal Rule of Civil

Procedure 12(c). For the following reasons, the Government's
motion for judgment on the pleadings dismissing the third-party
petition is **DENIED**.

I.

Unless otherwise stated, the following facts are
undisputed.

On May 26, 2017, a jury found the defendant guilty of
conspiracy to commit money laundering in violation of 18 U.S.C.
§ 1956(h) and three counts of money laundering, in violation of
18 U.S.C. §§ 1956(a)(1)(B) & 2. Order of Prelim. Forf., ECF No.
197 at 1. The defendant assisted narcotics traffickers in
masking the source and nature of narcotics proceeds, making the
proceeds appear to originate from legitimate businesses.
Indictment, ECF No. 9, ¶ 2. On August 10, 2018, the Court
entered a Preliminary Order of Forfeiture, directing the entry
of a money judgment against the defendant in the amount of
$1,899,700.00. ECF No. 197.

The Government has been unable to locate or collect assets
traceable to the proceeds of the defendant's offenses to satisfy
the outstanding Preliminary Order of Forfeiture. As a result,
the Government has moved pursuant to 18 U.S.C. § 853(p) to
forfeit the defendant's right, title, and interest in certain
substitute assets, including the defendant's property interest

2

in the house at 1163 57th Street, Brooklyn, New York recorded as Block 5689, Lot 55, in Brooklyn, New York (the "Subject Property"), which the defendant owns as a tenant by the entirety with Ms. Stern, the third-party petitioner. ECF No. 239 at 2.[1] At all times relevant to this proceeding, the defendant and Ms. Stern held joint title to the property as tenants by the entirety.[2] Id. The defendant and Ms. Stern have lived in the Subject Property since 1981. Id. Ms. Stern has never been implicated in the defendant's crimes.

On May 28, 2020, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets forfeiting the defendant's interest in several substitute assets, including the Subject Property. ECF No. 239. Ms. Stern submitted a timely petition alleging that she has a legal right, title, and interest in the Subject Property that renders the order of forfeiture invalid.

The Government has indicated that it is not seeking the sale of the Subject Property, Ms. Stern's eviction, or any similar relief at this time, but reserves its right to seek those remedies in the future. Rather, the Government seeks only to establish that the defendant's interest in the Subject Property has been forfeited to the Government such that the

---

[1] The parties' dispute as to other assets has been settled.
[2] The third-party petitioner held sole title to the Subject Property between May 11, 1994 and August 31, 2003, at which point she transferred title back to the tenancy by the entirety with the defendant. Pet. at 4 n.2.

Government and Ms. Stern each own an undivided half of the Subject Property as tenants in common without the right of survivorship. Ms. Stern argues that, notwithstanding the forfeiture, she retains her right to survivorship tied to Mr. Stern's life. She also claimed at the argument of this motion that her tenancy in the entirety in the Subject Property continues.

## II.

### A.

Following a conviction for certain offenses, including money laundering, a district court "must determine what property is subject to forfeiture under the applicable statute" and "promptly enter a preliminary order of forfeiture . . . without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b); see also 18 U.S.C. § 982(1)(a).[3] Criminal forfeiture proceedings pursuant to Section 982, including any related judicial proceedings, are governed principally by 21 U.S.C. § 853. See 18 U.S.C. § 982(b)(1). Federal Rule of Criminal Procedure 32.2 sets forth additional procedural rules that apply to forfeiture proceedings.

Section 853 permits the forfeiture of a partial interest in a parcel of real property. See Pacheco v. Serendensky, 393 F.3d

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, emphasis, and internal quotation marks in quoted text.

4

348, 355 (2d Cir. 2004). Whether seizing direct or substitute
property, the Government may only seize an interest belonging to
the defendant. United States v. Daugerdas, 892 F.3d 545, 553 (2d
Cir. 2018) ("[Section] 853(p)(2) directs that to be forfeited,
substitute property must be the property of the defendant.").
The Court has discretion to "take any other action to protect
the interest of the United States in the property ordered
forfeited," including sale or other similar remedies. 21 U.S.C.
§ 853(g). Pursuant to Section 853, forfeiture is mandatory
"irrespective of any provision of State law."  21 U.S.C.
§ 853(a).

     After a court issues a preliminary order of forfeiture, a
third party may petition the court for an ancillary hearing to
"adjudicate the validity of [the third-party's] alleged interest
in [the criminally forfeited] property." 21 U.S.C. § 853(n); see
also Daugerdas, 892 F.3d at 552. Ancillary proceedings are
governed by Section 853(n)(2) and Federal Rule of Criminal
Procedure 32.2. A petitioning third party must establish a
"legal interest" in forfeited property, as determined by state
law. United States v. Watts, 786 F.3d 152, 161 (2d Cir. 2015);
Pacheco, 393 F.3d at 353-56. A valid legal interest must be
"vested in the petitioner rather than the defendant" or
"superior to any right, title, or interest of the defendant at
the time of the commission of the acts which gave rise to the

5

forfeiture of the property." 21 U.S.C. § 853(n)(6).[4] Upon a
third-party petitioner's proof of a legal interest in the
forfeited property by a preponderance of the evidence, the court
"shall amend the order of forfeiture" in accordance with such an
interest. Id.; Fed. R. Crim. P. 32.2(c)(2).

Ancillary proceedings "closely resemble[] a civil action,"
and a court may, on motion and prior to a hearing, dismiss the
petition for failure to state a claim or for any other lawful
reason. Pacheco, 393 F.3d at 352. "[P]rocedures akin to those
available under the Federal Rules of Civil Procedure should be
available to the court and the parties to aid in the efficient
resolution of the claims." Fed. R. Crim. P. 32.2, advisory
committee's note.

### B.

The Government has moved for judgment on the pleadings
dismissing the third-party petition pursuant to Federal Rule of
Civil Procedure 12(c). The standards to be applied to a motion
for judgment on the pleadings are the same as those applied to a
motion to dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6). Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d
Cir. 2006). "Thus, [a court] will accept all factual allegations

---

[4] A third-party petitioner can also show a valid legal interest by
demonstrating that the third-party petitioner was a "bona fide purchaser for
value of the right, title, or interest in the property." 21 U.S.C.
§ 853(n)(6). Ms. Stern does not claim to be a bona fide purchaser for value.

in the [third-party petition] as true and draw all reasonable inferences in [the third-party petitioner's] favor. To survive a Rule 12(c) motion, [the third party petition] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010); see also Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding such a motion, a court may consider documents that are referenced in the petition, documents that the third-party petitioner relied on in bringing the petition and that either are in the third-party petitioner's possession or were known to the third-party petitioner when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd., 116 F. Supp. 3d 349, 351 (S.D.N.Y. 2015).

### III.

There are no facts in dispute.[5]  There is no dispute that the defendant's interest in the Subject Property has been

---

[5] Ms. Stern has requested a jury trial. Section 853(n) states that ancillary proceedings to adjudicate a third-party interest "shall be held before the court alone, without a jury." 21 U.S.C. § 853(n)(2). Moreover, there are no disputed material facts. Accordingly, Ms. Stern is not entitled to a jury trial.

forfeited to the Government.  There is also no dispute that the defendant and Ms. Stern each held a tenancy by the entirety in the Subject Property at the time when Mr. Stern's interest in the Subject Property was forfeited to the Government.[6]

Tenancy by the entirety is a form of real property ownership available only to couples married at the time of conveyance. V.R.W., Inc. v. Klein, 503 N.E.2d 496, 498 (N.Y. 1986). "The interests of a tenant by the entirety are a right to the use of an undivided half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee." In re Persky, 893 F.2d 15, 19 (2d Cir. 1989); see also N.Y. Est. Powers & Trusts Law § 6-2.2(b); Goldman v. Goldman, 733 N.E.2d 200, 202 (N.Y. 2000).  In other words, the surviving spouse has the right to the entire property when the deceased spouse dies.

During the existence of the tenancy by the entirety, each tenant may "sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other." Goldman, 733 N.E.2d at 202; see also Stelz v. Shreck, 128 N.Y. 263, 266 (1891). If one of the co-owners conveys his or her rights in the tenancy by the entirety, "the interest acquired by a grantee or mortgagee of such a unilateral

_____

[6] An interest in property is forfeited to the Government at the time of the commission of the acts that give rise to the forfeiture of the property.  See 21 U.S.C. § 853(n)(6)(A); see also Daugerdas, 892 F.3d at 554.

conveyance is not denominated a tenancy by the entirety, but rather is labeled a tenancy in common[, but] the grantee's or mortgagee's rights in the property are essentially the same as those possessed by the grantor or mortgagor: a right to shared possession and ownership subject to the original cotenants' reciprocal rights of survivorship." V.R.W., Inc., 503 N.E.2d at 499. A tenancy by the entirety also may be terminated by the consent of both spouses or through the dissolution of the marriage. Kahn v. Kahn, 371 N.E.2d 809, 811 (N.Y. 1977); see also Goldman, 733 N.E.2d at 202. If the spouses divorce, the tenancy by the entirety converts to a tenancy in common, with each spouse owning an undivided 50% interest, without a survivorship right. Kahn, 371 N.E.2d at 811.

In this ancillary proceeding, the Government argues that the forfeiture of Mr. Stern's interest in the Subject Property should be treated like a divorce and therefore the tenancy by the entirety is terminated and the Government and Ms. Stern should be treated as tenants in common with no right of survivorship. Ms. Stern contends that the Government cannot forfeit her right in the Subject Property, which includes her right of survivorship.  While there is little law on the subject, Ms. Stern has the better argument.

The Government relies primarily on United States v. Totaro, 345 F.3d 989 (8th Cir. 2003), in which the Court of Appeals for

9

the Eighth Circuit directed the district court to apply New York divorce law to determine the appropriate legal interests in property where the innocent spouse held the property that had been improved with forfeitable funds from the spouse who had been convicted of RICO violation.  The court did not explain why divorce law was the proper frame of reference and did not specifically consider the effect of a tenancy by the entirety.

More persuasive are those cases which have held that when a defendant's interest in property held in a tenancy by the entirety is forfeited, only the defendant's interest in the property is forfeited and therefore a spouse retains an interest in the entirety of the property as well as a survivorship interest.  See United States v. Wolf, 375 F. Supp. 3d 428, 438 (S.D.N.Y. 2019) (applying North Carolina law); United States v. Coffman, 997 F. Supp. 2d 677, 691 (E.D. Ky. 2014) (applying Kentucky law); cf. V.R.W., Inc., 503 N.E.2d at 499 ("Since the grantee or foreclosing mortgagee [of an interest of a tenancy by the entirety], in effect, steps into the shoes of the grantor or mortgagor, [the grantee/mortgagee's] survivorship rights are measured by reference to the lifetimes of the original parties to the tenancy by the entirety. If the grantor or mortgagor predeceases the spouse whose interest in the property has been retained, the grantee or mortgagee is left with no interest in the property at all.").

In this case, upon the entry of the Substitute Asset Order, the defendant's right in the Subject Property was forfeited to the Government, meaning the Government stepped into the shoes of the defendant. See United States v. Egan, No. 10-cr-191, 2015 WL 4772688, at *3 (S.D.N.Y. Aug. 13, 2015) ("[T]he Government stepped into [the defendant's] shoes at the moment of preliminary forfeiture."). The issue is how the forfeiture affected Ms. Stern's interest in the Subject Property.

Ms. Stern has a right to survivorship in the Subject Property tied to Mr. Stern's life as part of the tenancy by the entirety.  That property interest is vested in Ms. Stern "rather than" the defendant. While Mr. Stern also had a right to survivorship tied to Ms. Stern's life, the survivorship right tied to his life belongs to Ms. Stern rather than Mr. Stern. The Government cannot take, and Mr. Stern cannot forfeit, an interest that does not belong to Mr. Stern. See Daugerdas, 892 F.3d at 553; 21 U.S.C. § 853(p)(2). Ms. Stern has raised a plausible claim pursuant to Section 853(n)(6) that the Government's requested relief would cause Ms. Stern to forfeit a right that vested in Ms. Stern rather than the defendant.

The Government asserts that Section 853 authorizes forfeiture "irrespective of any provision of State law," and therefore Ms. Stern's state law property rights cannot interfere with the Government's right to forfeiture. See 21 U.S.C.

11

§ 853(a). However, while property rights are determined by state law, federal law provides that the Government cannot seize a property interest belonging to Ms. Stern. See Wolf, 375 F. Supp. 3d at 439; see also Daugerdas, 892 F.3d at 553. Therefore, state law is not prohibiting the forfeiture in this context. Rather, state law determines the interests at stake and federal law determines which can be forfeited. Wolf, 375 F. Supp. 3d at 439. Accordingly, the Government cannot seize the survivorship right Ms. Stern possesses by virtue of the tenancy by the entirety.

However, a tenancy by the entirety cannot exist between unmarried parties. See N.Y. Est. Powers & Trusts Law § 6-2.2. The touchstone of a tenancy by the entirety is a symmetric property ownership between married spouses; after the criminal forfeiture, that symmetry has been destroyed, and the tenancy by the entirety cannot continue. See Stelz, 128 N.Y. at 266. And while Mr. Stern could have unilaterally severed the tenancy by the entirety by conveying his interest in the Subject Property through mortgage, gift, or sale, Mr. Stern could not have unilaterally destroyed Ms. Stern's survivorship right tied to his life. Accordingly, the Government's forfeiture of Mr. Stern's interest in the subject property functions similarly to a voluntary conveyance by Mr. Stern, in which the grantee—in this case the Government—and Ms. Stern each own an undivided half interest in the Subject Property as tenants in common, but

12

with the Government owning a survivorship right tied to Ms.
Stern's life and Ms. Stern owning a survivorship right tied to
Mr. Stern's life. See V.R.W., Inc., 503 N.E.2d at 499.

## CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit. For the reasons discussed, the
Government's motion for judgment on the pleadings is **denied**. The
Government is directed to submit a proposed Amended Order of
Forfeiture as to Substitute Assets by August 27, 2021. The Clerk
is directed to close Docket Number 240.

SO ORDERED.

Dated:      New York, New York
            August 5, 2021

                                    _____
                                       John G. Koeltl
                                  United States District Judge