```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

UNITED STATES OF AMERICA

      - against -                        16-cr-525 (JGK)

JOSEPH EZRIEL STERN,                    **MEMORANDUM OPINION AND ORDER**

             Defendant.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The Court has received the Report and Recommendation by Magistrate Judge Stewart D. Aaron, dated June 8, 2023, which recommends that this Court grant the Government's second motion for forfeiture of property of the defendant. ECF No. 268. The defendant has filed timely objections to the Report and Recommendation.

    The Court reviews de novo each of the elements of the Report and Recommendation to which an objection has been filed. See Fed. R. Crim. P. 59(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). The Court "may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record."[1] United States v. Valentine, 657 F. Supp. 2d 388, 390 (W.D.N.Y. 2009) (citing White v. Fischer, No. 04-cv-

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)). There are no portions of the Report that were not objected to that are clearly erroneous.

The Court -- after carefully considering the thorough Report and Recommendation and the defendant's objections -- concludes that the objections have no merit and the Report and Recommendation, on de novo review, is amply supported. The Court therefore adopts the Report and Recommendation.

**I.**

The Court presumes familiarity with the facts as set forth in the Report and Recommendation. See ECF No. 268. The following are the facts most relevant to the disposition of the Government's motion.

On May 26, 2017, a jury found the defendant guilty of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (a)(2). See ECF No. 196. As part of his sentence, the defendant was ordered to forfeit $1,899,700 to the Government. See id. On August 10, 2018, the Court directed the entry of a money judgment against the defendant in the amount of $1,899,700. ECF No. 197.

On December 12, 2018, the government filed its first motion for forfeiture of property as substitute assets. ECF Nos. 205-06. On May 28, 2020, the Court entered a Preliminary Order,

forfeiting the defendant's interest in, among other assets, certain real property in Brooklyn, New York. ECF No. 239. On August 12, 2020, the defendant's wife Miriam Stern filed a petition asserting an interest in the real property and other substitute assets. ECF No. 240. On September 9, 2020, the Court entered a Stipulation and Order whereby the Government agreed to release a portion of the substitute assets to the defendant's wife. ECF No. 245. On September 11, 2020, the Court entered a Final Order of Forfeiture of certain monetary substitute assets. ECF No. 248. On August 27, 2021, the Court entered a Final Order of Forfeiture in the defendant's undivided half interest in the real property in Brooklyn, New York, as a tenant in common, with a survivorship right in the property tied to the life of the defendant's wife. ECF No. 258.

On May 5, 2023, the Government filed a second motion for forfeiture of property, alleging that $1,877,518.60 of the money judgment against the defendant remains unpaid.[2] ECF No. 261. The Government requested an order directing the defendant to forfeit "the portion of all future disbursements from the Government to the Defendant . . . , which may be intercepted by the Treasury Offset Program ("TOP"),[3] up to the unpaid balance . . . ." Id. at

---

[2] The defendant claims that the unpaid balance is $1,867,700.00. See ECF No. 263 at 6.

[3] The TOP "is a federal program, governed by the Debt Collection Act of 1982 and Debt Collection Improvement Act of 1996, that

5. The defendant opposed the motion. ECF No. 263. The Court referred the matter to Magistrate Judge Stewart D. Aaron. ECF No. 266. On June 8, 2023, Magistrate Judge Aaron entered the Report and Recommendation recommending that the Government's motion be granted. ECF No. 268. The defendant now objects to the Report and Recommendation. ECF Nos. 269, 271.

## II.

The defendant argues that the Court should limit the Government's ability to seek forfeiture in light of equitable considerations, namely the defendant's inability to pay. The defendant also argues that his wife's funds should not be withheld. In particular, the defendant argues that the Court has equitable discretion pursuant to 18 U.S.C. § 3572(d)(1) and 28 U.S.C. § 3013 and should exercise that discretion to deny the Government's request.[4] The Government urges the Court to adopt the Report and Recommendation.

---

allows the Department of the Treasury . . . to collect delinquent non-tax debts owed to the federal government. Such debts are collected by withholding funds that would otherwise be paid to the debtor by other federal agencies, such as Social Security payments or tax refunds." Adigun v. Internal Revenue Serv., No. 20-cv-3676, 2021 WL 4709751, at *1 (S.D.N.Y. July 27, 2021), report and recommendation adopted, No. 20-cv-3676, 2021 WL 4219664 (S.D.N.Y. Sept. 16, 2021).

[4] The defendant previously asserted an argument pursuant to 21 U.S.C. § 853(p), see ECF No. 263 at 1-3, but does not assert that argument in its objection to the Magistrate Judge's Report and Recommendation. See ECF Nos. 269, 271.

**A.**

The defendant contends that forfeiture is a "monetary penalty" within the meaning of section 3572(d)(1) and, as such, "in the interest of justice, the court [may] provide[] for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). The defendant's argument is not persuasive.

A judgment of forfeiture was mandatory for the defendant's convictions of money laundering in violation of 18 U.S.C. § 1956. See 18 U.S.C. § 982(a)(1). And the forfeiture of substitute property is also mandatory where any property subject to forfeiture "cannot be located upon the exercise of due diligence." 21 U.S.C. §§ 853(p)(1)-(2).

On its face, section 3572 provides no discretion over the requirement of forfeiture. Section 3572 concerns the "imposition of a sentence of fine and related matters." There is nothing in that section that deals with forfeiture. The statute provides some flexibility for the payment of "a fine or other monetary penalty, including restitution," 18 U.S.C. § 3572(d)(1), but there is no reference to forfeiture in any portion of section 3572, and no indication that forfeiture should be treated as a "monetary penalty" under the statute. Furthermore, forfeiture is treated differently in the Judgment from fines, restitution, assessments, and other monetary penalties. ECF No. 196 at 7. The Judgment also provides for a schedule of payments for "monetary

5

penalties," as subsection 3572(d) provides, but forfeiture is not included in that schedule. See id. at 8.

The cases that the defendant cites do not support his interpretation of section 3572(d)(1). The defendant selectively quotes United States v. Steel, No. 11-CR-244, 2012 WL 5879143, at *2 (E.D.N.Y. Nov. 21, 2012), see ECF No. 271 at 2-3. The decision in Steel did not, as the defendant suggests, cite section 3572 with respect to forfeiture judgments. Rather, it cited section 3572 with respect to fines. See 2012 WL 5879143, at *2. Ultimately, the court determined that payments of restitution should be made before forfeiture payments, an issue not raised in this case. See id. at *3. Similarly, United States v. Cohan, 988 F. Supp. 2d 323 (E.D.N.Y. 2013), aff'd, 798 F.3d 84 (2d Cir. 2015), which the defendant also cites, see ECF No. 271 at 3, held that restitution should take priority over forfeiture. Neither Steel nor Cohan concerned reducing forfeiture under section 3572. The two other cases cited by the defendant provide no support for the defendant's argument. United States v. Sanjar, see ECF No. 271 at 3, stated that "both restitution and criminal forfeiture are mandatory features of criminal sentencing that a district court does not have authority to offset." 876 F.3d 725, 751 (5th Cir. 2017). And in United States v. Bennett, the Court of Appeals for the Fourth Circuit found that there was no clear error in the district

court's failure to reduce a forfeiture award in addition to the restitution award pursuant to 18 U.S.C. § 3572(b), which provides that "the court shall impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution." 986 F.3d 389, 398 (4th Cir. 2021) (citing 18 U.S.C. § 3572(b)). The Court of Appeals noted the Government's undertaking to use forfeited assets for purposes of restitution. The case had nothing to do with the reduction of a mandatory forfeiture award pursuant to the alleged authority of 18 U.S.C. § 3572(d).

In summary, the Court agrees with the Magistrate Judge's conclusion that 18 U.S.C. § 3572 is not applicable to this case.

**B.**

The defendant also relies on the Fair Debt Collection Practices Act (FDCPA) -- specifically, 28 U.S.C. § 3013 -- to argue that the Court may take equitable considerations into account in modifying a forfeiture award. This argument is also without merit.

The FDCPA is not applicable to this case. As the Government points out, the Government seeks to enforce the forfeiture order pursuant to 21 U.S.C. § 853(p), not the FDCPA. See ECF Nos. 261, 270 at 5. While the defendant is also correct that courts have allowed the Government to collect on criminal debts using the mechanisms of the FDCPA, see ECF No. 270 at 5, that is not this

7

case. Because section 3013 permits courts to modify only the use of an enforcement procedure under the FDCPA, section 3013 does not limit the Government's collection effort pursuant to 21 U.S.C. § 853(p).

Moreover, the FDCPA, by its express terms, does not limit the Government's ability to collect forfeiture. The FDCPA provides that it "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case[.]" 28 U.S.C. § 3003(b)(2). Accordingly, section 3013 of the FDCPA does not give the Court authority to limit the Government's efforts to collect forfeiture.

Thus, the Court agrees with the Magistrate Judge's conclusion that the FDCPA does not limit the Government's ability to collect forfeiture in this case.

## II.

The defendant also objects to the Report and Recommendation because it allegedly failed to consider the equitable considerations put forth by the defendant. Assuming that equitable considerations could be taken into account, the defendant nevertheless has not made any persuasive showing of undue hardship that should limit the Government's use of the TOP program.

8

First, as the Report and Recommendation correctly states, there is no need to limit the Government's collection effort because the amounts taken by the TOP from monthly Social Security payments are limited by statute. See ECF No. 268 at 6 (citing Calabria Decl., ECF No. 262 at ¶ 20; 31 U.S.C. §§ 3701(d), 3716(h)).

Second, as to the defendant's wife, the Government appears to concede that there is no basis to withhold funds from Mrs. Stern. See ECF No. 270 at 6 n.2. Additionally, if the defendant and Mrs. Stern are issued a tax refund that is subject to the TOP, the Internal Revenue Service has a mechanism (IRS FORM 8379) for an aggrieved spouse to seek the return of her portion of the refund. See id.

Finally, there is nothing in the defendant's objections to support equitable considerations that should further reduce the amount that the defendant must pay. There is no dispute that over $1,800,000.00 in forfeiture remains unpaid.

Therefore, the Court agrees with the Magistrate Judge's conclusion that even if the Court had discretion to limit the Government's collection efforts, the defendant has not adequately demonstrated the need to do so based on equitable considerations.

**CONCLUSION**

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the Court **adopts** the Report and Recommendation of the Magistrate Judge in its entirety. Accordingly, the objections to the Magistrate Judge's findings are **overruled**. The Government's second motion for forfeiture of property, ECF No. 261, is **granted**. The Clerk is directed to close ECF No. 261.

**SO ORDERED.**

Dated:   New York, New York
         September 18, 2023

_____
John G. Koeltl
United States District Judge