UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
    - v. -
:
JOSEPH EZRIEL STERN,
    a/k/a "Izzy"
    a/k/a "Ez"
:
               Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SECOND PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

16 Cr. 525 (JGK)

WHEREAS, on or about August 2, 2016, the Defendant, with another, was charged in a four-count Indictment, 16 Cr. 525 (JGK) (the "Indictment") (Dkt. No. 9), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One), and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Counts Two through Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) of any and all property, real or personal, involved in the offenses charged in Counts One through Four of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be subdivided without difficulty; then the

1

United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about May 26, 2017, the Defendant was found guilty, following a jury trial, of Counts One through Four of the Indictment;

WHEREAS, on or about August 10, 2018, the Defendant was sentenced and ordered to forfeit $1,899,700 in United States currency, representing the amount of property involved in the offenses charged in Counts One through Four of the Indictment;

WHEREAS, on or about August 10, 2018, the Court entered a Preliminary Order of Forfeiture (Dkt. No. 196) imposing a $1,899,700 money judgment against the Defendant (the "Money Judgment");

WHEREAS, on or about May 28, 2020, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (Dkt. No. 239), forfeiting all of the Defendant's right, title and interest in certain substitute assets of the Defendant, including a piece of real property located in Brooklyn, New York (the "Real Property") (collectively, the "First Substitute Assets");

WHEREAS, on or about August 12, 2020, Miriam Stern filed a petition asserting an interest in a portion of the First Substitute Assets;

WHEREAS, on or about September 9, 2020, the Court entered a Stipulation and Order whereby the Government agreed to release a portion of the First Substitute Assets to petitioner Miriam Stern (the "Released Assets");

WHEREAS, on or about September 11, 2020, the Court entered a Final Order of Forfeiture forfeiting to the United States the First Substitute Assets, exclusive of the Real Property and the Released Assets;

WHEREAS, on or about August 27, 2021, the Court entered a Final Order of Forfeiture forfeiting to the United States an undivided half interest in the Real Property as a tenant

in common, with a survivorship right in the Real Property tied to petitioner Miriam Stern's life;

WHEREAS, to date, $1,877,518.60 of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the property involved in the Defendant's offenses; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a.    The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the unpaid balance of the money judgment imposed against the Defendant on August 10, 2018

(the "Second Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Second Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Second Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

3. Upon entry of this Second Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Second Substitute Assets and to keep them in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

3

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Second Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Second Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Second Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Second Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Second Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Second Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

4

8.  The Court shall retain jurisdiction to enforce this Second Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       9/28  , 2023

                              SO ORDERED:

                              _____
                              HONORABLE JOHN G. KOELTL
                              UNITED STATES DISTRICT JUDGE